IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PABLO SUASTE BALDERAS, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:21-cv-00130-N-BT |
| v. | § | No. 3:18-cr-00217-N-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Pablo Suaste Balderas, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss or, in the alternative, deny Balderas's § 2255 motion.

**Background**

Balderas is a citizen of Mexico with a long criminal history, including several convictions for illegally reentering the United States after being removed. Most recently, on June 21, 2018, Balderas pleaded guilty to a single count of illegal reentry after removal in violation of 8 U.S.C. § 1326(a).

Title 8, United States Code, Section 1326(b) sets out the penalties for an illegal reentry conviction. Subsection (b)(1) provides for a 10-year

1

maximum penalty when the removal follows a conviction of "three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)[.]" 8 U.S.C. § 1326(b)(1). For an alien who was removed after a conviction for an "aggravated felony," subsection (b)(2) provides a 20-year maximum penalty. *Id.* § 1326(b)(2).

In this case, the District Court determined Balderas's conviction fell under § 1326(b)(2), meaning he was subject to the 20-year maximum penalty. But the Court sentenced him to only 63 months' imprisonment— well below the 10-year maximum under § 1326(b)(1). J. (CR ECF No. 26.)[1] Balderas appealed to the Fifth Circuit Court of Appeals.

On appeal, Balderas argued that his prior Texas conviction for manufacture/delivery of a controlled substance was not an "aggravated felony" within the terms of § 1326(b)(2), and the District Court's judgment stating his conviction fell under § 1326(b)(2) was error. However, because he was sentenced below the 10-year maximum in § 1326(b)(1), he did not seek a new sentencing hearing.

The Fifth Circuit agreed that "the designation in the written judgment indicating [Balderas] was convicted and sentenced under § 1326(b)(2) was erroneous." *United States v. Balderas*, 772 F. App'x 88, 89 (5th Cir. 2019)

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:18-cr-217-N-1, and "CV ECF" refers to this civil action, case number 3:21-cv-130-N-BT.

(per curiam) (citing *United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018)). The Fifth Circuit therefore modified the District Court's judgment to reflect that Balderas was sentenced under § 1326(b)(1) and affirmed the District Court's judgment, as modified. *Id.* The Supreme Court denied Balderas's petition for a writ of certiorari. *See Balderas v. United States*, 140 S. Ct. 1130 (2020).

Balderas then filed this § 2255 motion (CV ECF No. 2). In his sole ground for relief, Balderas argues that his conviction is the result of an "unlawfully induced" or involuntary guilty plea. Specifically, he claims that he did not "understand[] the charge [or] the consequences of the plea." He lacked the necessary criminal history to support a conviction under § 1326(b)(2), and he was exposed to a higher penalty range than appropriate. In its response, the Government argues that Balderas's claim is procedurally defaulted and the Court should dismiss his § 2255 motion. In the alternative, the Government argues the Court should deny Balderas's § 2255 motion because his claim is meritless. Balderas filed a reply. The § 2255 motion is ripe for determination.

## Legal Standards and Analysis

1. <u>Balderas procedurally defaulted his claim</u>.

It is well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991);

3

*United States v. Frady*, 456 U.S. 152, 165 (1982). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232 (internal citation omitted); *accord Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *see also Fishbein v. United States*, 2022 WL 357178, at *1 (N.D. Tex. Feb. 7, 2022). The cause and prejudice standard imposes "a significantly higher hurdle than the plain error standard" applicable in direct appeals. *Shaid*, 937 F.2d at 232. A claim for ineffective assistance of counsel, if substantiated, can satisfy the cause and prejudice standard. *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995).

      Balderas's claim that his guilty plea was not knowing and voluntary, could have been raised on direct appeal, but it was not. And Balderas makes no attempt to demonstrate cause or prejudice. *See* Mot. 4 (CV ECF No. 2); Reply 1-3 (ECF No. 8). Even if he attempted to demonstrate prejudice under these circumstances, he would be unsuccessful. At the time of his guilty plea on June 21, 2018, he was advised that the crime he was pleading guilty to had alternate maximum sentences under various schemes. (CR ECF No. 32 at 12.) The Government's attorney provided the following explanation:

4

> Imprisonment for a period not to exceed 20 years in the event that the Defendant's removal was subsequent to the commission of an aggravated felony; imprisonment not to exceed 10 years if removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, a felony, other than an aggravated felony, or occurred during an undischarged term of imprisonment; imprisonment of 10 years if an individual was deported because of terrorist activities; or a maximum of two years in all other circumstances.

*Id.* Following that explanation, Balderas proceeded to unequivocally plead guilty. *Id.* 13 ("I do plead guilty."). In addition, he was ultimately sentenced to only 63 months' imprisonment, which is below the § 1326(b)(1) 10-year maximum penalty. *See Godoy*, 890 F.3d at 542. Balderas's sole claim, which was not raised on direct appeal, is procedurally barred from review.

    2.    <u>Balderas's guilty plea was knowing and voluntary</u>.

Balderas argues that his conviction is the result of an "unlawfully induced" or involuntary guilty plea. Mot. 4 (CV ECF No. 2). He further argues that he lacked the necessary criminal history to support his conviction under § 1326(b)(2), and this exposed him to a higher penalty range than was appropriate. *Id.* Because Balderas was advised, correctly and repeatedly, regarding the potential punishment he faced, he knowingly and voluntarily pleaded guilty.

For a guilty plea to be valid, it must be both knowing and voluntary. *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) ("A guilty plea will be

5

upheld on habeas review if entered into knowingly, voluntarily, and intelligently.") (quotation marks and citation omitted)); *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019) ("Because a guilty plea involves the waiver of constitutional rights, it must be knowing, voluntary, and intelligent.") (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A knowing and voluntary guilty plea means that "a defendant must have full knowledge of what the plea connoted and of its consequences." *Lord*, 915 F.3d at 1016 (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is knowingly made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). A plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Lord*, 915 F.3d at 1016. The consequences of sentencing, as they relate to a guilty plea, mean that the defendant must be aware of the maximum prison term and fine for the offense he is charged. *United States v. Herrod*, 595 F. App'x 402, 412 (5th Cir. 2015) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)); *see also United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) ("If the defendant is aware of the potential maximum prison term and fine for

6

the offense charged, but nevertheless pleads guilty, his plea is knowingly and intelligently entered."); *United States v. Rosales,* 281 F. App'x 424, 425 (5th Cir. 2008) (per curiam) ("[B]ecause [the defendant] was aware of his minimum and maximum potential sentences and understood the elements of the offense as charged, he also has not established that his guilty plea was not knowing or voluntary.") (citing *United States v. Brown,* 328 F.3d 787, 789 (5th Cir. 2003)).

The record belies Balderas's assertion that his guilty plea was not knowing and voluntary. At his rearraignment hearing on June 21, 2018, Balderas admitted under oath that (1) he understood the charge against him; (2) he understood the consequences of pleading guilty; and (3) his guilty plea was freely and voluntary made. (CR ECF No. 32 at 10-13, 15; *see also* CR ECF No. 20 at 1.) In addition, the Court referenced Balderas's Factual Resume and incorporated it into his rearraignment proceedings. (CR ECF No. 32 at 13-14.) In his Factual Resume, Balderas acknowledges the elements of his offense and of his potential punishment, which included a maximum of 20 years' imprisonment. (CR ECF No. 16 at 1-2). The Court advised Balderas of the constitutional rights that he would be waiving by pleading guilty. *Id.* 3. Balderas admitted he was guilty of count one of the indictment, and he concluded it was in his best interest to plead guilty rather than go to trial. *Id.* Thus, he fully understood that he was pleading guilty to illegally reentering

the United States after removal, and he fully admitted he committed that crime. (CR ECF No. 32 at 14-15.)

These formal declarations in open court carry a strong presumption of truth, which form a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)); *see also United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006) (noting that plea colloquies are considered "solemn declarations in open court which carry a strong presumption of verity") (quotation marks and citation omitted).

Contrary to Balderas's argument, the record demonstrates that his guilty plea was knowing and voluntary, and his claim that his plea was rendered unknowing and involuntary lacks merit. This is especially so where his sentence was less than the 10-year maximum contained in § 1326(b)(1), the subsection applicable to him. *See United States v. Rodriguez-Garcia*, 748 F. App'x 597, 598 (5th Cir. 2018) (per curiam) (in a somewhat factually similar case involving § 1326(b)(1) and (b)(2) where the defendant received 46 months' imprisonment, the Fifth Circuit found he failed to "show that the error affected his substantial rights"). For these reasons, Balderas's sole claim fails on the merits and should be denied.

III.

For the foregoing reasons, the Court should DISMISS, or in the alternative, DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed March 7, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).